John L. Kirkpatrick, Esq. Informal Opinion Town Attorney No. 97-19 Town of Minden P. O. Box 350 Fort Plain, N Y 13339
Dear Mr. Kirkpatrick:
You have asked whether a town assessor may be a candidate for the position of mayor of a village in the town and, if elected as mayor, whether holding of the two positions is compatible.
You have explained that the village is a separate assessing unit but in accordance with the Real Property Tax Law utilizes the town's assessment roll. Real Property Tax Law § 1402(2).
In the absence of a constitutional or statutory prohibition against dual officeholding, one person may hold two offices simultaneously unless they are incompatible. The leading case on compatibility of office is Peopleex rel. Ryan v. Green, 58 N.Y. 295 (1874). In that case the Court held that two offices are incompatible if one is subordinate to the other or if there is an inherent inconsistency between the two offices. The former can be characterized as "you cannot be your own boss", a status readily identifiable. The latter is not easily characterized, for one must analyze the duties of the two offices to ascertain whether there is an inconsistency. An obvious example is the inconsistency of holding both the office of auditor and the office of director of finance.
There are two subsidiary aspects of compatibility. One is that the principle equally covers an office and a position of employment or two positions of employment. Also, where positions are compatible, a conflict of interests may arise out of the simultaneous holding of the positions. The conflict can be avoided by declining to participate in the disposition of the particular matter.
In our view, the offices of town assessor and village mayor are incompatible. Under these circumstances, there is an inherent conflict in loyalties. On the one hand, the town assessor is charged with assessing property throughout the town in an impartial manner. A town assessor also serving as mayor, however, might favor the property owners of the village. The potential conflict does not arise from use of assessments for village tax purposes in that the lower the assessment of village real property the higher the village tax rate would have to be in order to generate the required income. Favorable assessments for village taxpayers, however, would mean that they would pay lower town taxes relative to residents of the area of the town outside the village.
We are not suggesting that any individual holding these two positions would consciously favor village taxpayers. The potential for bias, however, whether intended or subconscious, is present. Public officials must avoid even the appearance of a conflict of interests in order to maintain public confidence in the integrity of government. The service of an individual as a town assessor and as the village mayor may undermine the integrity of the town assessment function in the eyes of town taxpayers.
Therefore, we conclude that a person may not hold simultaneously the positions of town assessor and mayor of a village in the town. The individual may be a candidate for the office of mayor but must vacate the office of town assessor upon election and qualification as mayor.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.
Very truly yours,
JAMES D. COLE
Assistant Attorney General in Charge of Opinions